UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:10-cr-00327-TLN |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| AKBAR BHAMANI, et al., | |
| Defendant. | |

This matter is before the Court on Defendant Akbar Bhamani's ("Defendant") Emergency Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 402.) The Government filed an opposition. (ECF No. 412.) Despite waiving his right to file a reply (ECF No. 402 at 2), Defendant did file a reply (ECF No. 417). For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///

1

1	On September 25, 2013, Defendant pleaded guilty to a two-count Superseding Information charging him with sale of unregistered securities, in violation of 15 U.S.C. § 77e. (ECF Nos. 154, 159, 162.) On June 11, 2015, Defendant was sentenced to 97 months of imprisonment, 36 months of supervised release, $200 special assessment, and restitution to be determined. (ECF Nos. 277, 280.) On January 26, 2016, an amended judgment was entered amending the amount of restitution. (ECF No. 373.) Defendant is currently serving his sentence at FCI Florence in Florence, Colorado, with a projected release date of September 28, 2021. Defendant's release date takes into account his participation in various BOP programs.

On April 8, 2020, Defendant filed the instant "Emergency Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)," in which he requests release from his confinement at FCI Florence to home detention due to the COVID-19 pandemic. Defendant is 66 years old and suffers from Type II diabetes, hypertension, a history of cardiac disorders, and hypothyroid disorder. Defendant argues his age and medical conditions put him at a greater risk of contracting COVID-19, especially given the conditions at FCI Florence. In opposition, the Government argues Defendant's motion must be denied because Defendant failed to exhaust administrative remedies before filing his motion and Defendant has failed to demonstrate extraordinary and compelling reasons to warrant his release.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, Defendant filed a compassionate release request with the BOP as required by 18 U.S.C. § 3582(c)(1)(A) on or around March 26, 2020. The BOP responded on April 14, 2020, denying Defendant's request and informing Defendant he could appeal the denial

2

through the Administrative Remedy Program.  (ECF No. 412-1 at 15.)  Defendant filed this motion before he exhausted all administrative remedies and before 30 days had elapsed since filing his request with the BOP and therefore has not met the exhaustion requirements.  However, Defendant argues the Court should overlook his failure to exhaust because the exhaustion requirement set forth in § 3582(c)(1)(A) is simply non-jurisdictional, claims-processing language rather than a jurisdictional limitation and Defendant's failure to exhaust is excusable.

It is unclear whether the Court has the authority to excuse the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A).  Some courts have excused exhaustion in the face of the unprecedented COVID-19 pandemic, other courts have not.  For example, district courts are divided in the Southern District of New York, an epicenter of the COVID-19 pandemic.  Some courts in that district have excused the exhaustion requirement under the following: (1) where exhaustion would be futile; (2) where the administrative process would be incapable of granting adequate relief; or (3) where pursuing agency review would subject petitioners to undue prejudice.  *See, e.g.*, *United States v. Perez*, No. 17 CR. 513-3 (AT), 2020 WL 1546422, at *2 (S.D.N.Y. Apr. 1, 2020) (citations and quotation marks omitted).  Other courts in the same district have declined to excuse the mandatory exhaustion requirement in the absence of clear Congressional approval to do so.  *United States v. Gross*, No. 15-CR-769 (AJN), 2020 WL 1862251, at *1 (S.D.N.Y. Apr. 14, 2020) ("The Supreme Court has explained that courts should not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.") (citation and internal quotation marks omitted).  In declining to excuse the exhaustion requirement, the *Gross* court acknowledged the "growing split" and stated that "the patchwork approaches of courts in this Circuit underscore a great need for clarity — and a more comprehensive solution — from Congress."  *Id.* at *2.

There is no binding authority in the context of release requests related to the COVID-19 pandemic.  Regardless, this Court need not and does not decide the issue because Defendant fails to persuade the Court that the particular circumstances of his case warrant such a waiver.  Although Defendant is 66 years old and has medical conditions that may place him at a greater risk from COVID-19, there are currently no cases of COVID-19 at FCI Florence where he is

3

housed. Additionally, Defendant still has 17 months left on his sentence. Therefore, the Court concludes there are no grounds to excuse Defendant's failure to satisfy the exhaustion requirement and his failure to exhaust provides a basis on which to deny his motion without reaching the merits. *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Eberhart*, No. 13-CR-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) (declining to excuse Defendant's failure to exhaust administrative remedies in denying a COVID-19 compassionate release motion).

Moreover, Defendant is not entitled to relief even if the Court reaches the merits of his motion for many of the same reasons the Court declines to excuse the exhaustion requirement. Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Defendant has not met his burden.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Under normal circumstances, the Defendant's medical conditions would in no way reach the "extraordinary and compelling" standard. His illnesses are not terminal, nor do they cause serious functional or cognitive impairment such that he is unable to provide self-care while imprisoned. Although the onset of the COVID-19 pandemic warrants additional consideration, Defendant's arguments about COVID-19 are too general and wide-ranging. *See, e.g.*, *Eberhart*, 2020 WL 1450745, *2 ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the

Sentencing Commission's policy statement[.]").  While Defendant's age and medical conditions do place him in a category of people who may experience severe symptoms from COVID-19, as of the date of this order, there are no confirmed cases of COVID-19 at FCI Florence.  Defendant's concerns regarding the conditions in which he is housed, and the difficulties of social distancing are understandable but do not raise to the level of "extraordinary and compelling" at this time.

In sum, the Court declines to grant Defendant's request for compassionate release because Defendant failed to exhaust administrative remedies and did not meet his burden to show there are "extraordinary and compelling reasons" for his release.

For the foregoing reasons, the Court hereby DENIES Defendant's Emergency Motion for Early Release.  (ECF No. 402.)

IT IS SO ORDERED.

DATED:  April 24, 2020

Troy L. Nunley
United States District Judge